# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:99-CR-00062-KJD-LRL |
| v. | **ORDER** |
| FELIX M. KYE, JR., | |
| Defendant. | |

Presently before the Court are Defendant's Letter (#78), docketed by the Clerk of the Court as a Motion to Correct Judgment, and Motion for Status Check (#81) which attempts to recharacterize his Letter as a Motion under Federal Rule of Civil Procedure 60(b)(6).

Kye brings the motions (#78/81) pursuant to Federal Rule of Civil Procedure 60 (b)(6) and argues that his sentence should be corrected to reflect that the sentencing judge did not enhance his sentence based on possession of a dangerous weapon.[1] The Federal Rules of Civil Procedure, by their own terms, apply only to civil actions. See Fed. R. Civ. P. 1. The courts have uniformly held

---

[1] The Court notes that Defendant only provided one page of the sentencing transcript, so it is not clear that the sentencing court made the finding he alleges. Furthermore, the Court notes that Defendant was sentenced as a career criminal, so the alleged enhancement had no actual affect on the length of his sentence. It is also not clear that this court has jurisdiction to interfere with the Bureau of Prisons classification of Defendant based on offense characteristics.

that a defendant may not bring an independent Rule 60(b) motion to collaterally attack a criminal conviction.  See, e.g., United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).[2]  A post-conviction remedy for federal prisoners attacking a sentence is provided in 28 U.S.C. § 2255.  This section provides an exclusive remedy for the federal prisoner with limited exceptions which are not alleged in this case.  See, e.g., Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  In the instant Rule 60(b) motion (#78/81), Kye seeks to avoid the demanding requirements of a second or successive motion under 28 U.S.C. § 2255.  Here, Kye's Rule 60(b) motion challenges the offense characteristics contained in his presentence investigation report.  Because the factual predicate for this motion seeks to litigate issues on the merits, it is properly treated as a second or successive § 2255 motion.  See Gonzalez v. Crosby, 545 U.S. 524, 531; Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998).  Kye did not obtain authorization to file a second or successive § 2255 motion, and thus the Court lacks jurisdiction to consider his claims.  See 28 U.S.C. §§ 2244(b)(3) & 2255; see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

Accordingly, IT IS HEREBY ORDERED that Defendant's Independent Action Rule 60(b) Motion for Relief from Judgment (#78/81) is **DENIED**.

DATED this 10th day of July 2009.

_____
Kent J. Dawson
United States District Judge

---

[2] The United States Supreme Court has held that a criminal defendant can file a Rule 60(b) motion in response to a court order denying a § 2255 motion.  However, such a Rule 60(b) motion can only address some defect in the integrity of the federal habeas proceeding and cannot assert a new ground for relief nor reassert a ground previously raised.  See Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2648, 2651 (2005).  Here, Kye is seeking to vacate his sentence solely by his Rule 60(b) motion.